## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

TYRUS C. RAGLAND AND BONNIE
S. RAGLAND, Husband and Wife,
and GUY TREECE AND MARLA
TREECE, Husband and Wife,

        **Plaintiffs/Appellees,**

vs.

SIDNEY FEUERSTEIN AND BETSY
FEUERSTEIN,

        **Defendants/Appellants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

From the Chancery Court
for Shelby County, Tennessee


The Honorable C. Neal Small, Chancellor


Shelby County Chancery No. 103686-1
Appeal No. 02A01-9506-CH-00140

**AFFIRMED**
M. Anderson Cobb, Jr.
W. Marshall Pearson
Memphis, Tennnessee
Plaintiffs/Appellees

Jack F. Marlow
Memphis, Tennessee
Attorney for Defendants/Appellants

FILED

**November 5, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

---

### RULE 10 ORDER AND OPINION

---

This matter appears appropriate for consideration pursuant to Rule 10(b) of the Rules of the Court of Appeals of Tennessee.[1]

Defendant-Appellants Sidney and Betsy Feuerstein ("Feuersteins") appeal the Chancery Court's order in favor of Plaintiff-Appellees Tyrus Ragland and other neighbors enjoining the Feuersteins from building a greenhouse on their property in violation of a restrictive covenant.

The Feuersteins and the plaintiff neighbors own residences in the Greentrees Subdivision in Memphis, Shelby County, Tennessee. The deeds to the parties' residences are subject to the following restriction:

> No structure shall be erected, placed, altered, or permitted to remain on any lot in the subdivision, other than one detached single-family dwelling of not more than two stories in height, with one private garage for not more than three (3) cars and one servant's house having not more than two rooms and inside toilet. Garage and servant's house shall not be more than one story in height.

After the Feuersteins began constructing a greenhouse beside their home, the plaintiff neighbors

---

[1] Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

objected and ultimately filed this lawsuit. At the bench trial, the Feuersteins noted that they had had an existing greenhouse in the back corner of their yard for fifteen years and asserted that the restrictive covenant should not be enforced in light of the existing greenhouse and other non-conforming structures in the neighborhood. The Feuersteins also argued that the plaintiff neighbors should be denied relief based on the doctrine of laches, because they waited to file their lawsuit until the Feuersteins had already expended considerable monies on the greenhouse. Finally the Feuersteins maintained that the greenhouse did not violate the restrictive covenant because it would be attached to the residence by a covered walkway and would therefore be an addition to the house, rather than a separate structure.

The trial court rejected the Feuersteins' argument that the restrictive covenant should not be enforced because of the existing greenhouse, noting that the greenhouse built fifteen years ago was on the back corner of the lot, obscured by vegetation, while the proposed greenhouse was to be beside the Feuersteins' home, in a location much more visible and likely to affect the value of neighbors' property. The trial court found that the neighbors acted in a reasonably timely manner in detecting the building of the greenhouse and complaining about it, and found the Feuersteins' laches argument without merit. Finally, the trial court found that simply building a covered walkway between the greenhouse and the residence did not change the character of the greenhouse as a separate structure which violated the restrictive covenant. Consequently, the trial court entered an order requiring the Feuersteins to remove the portion of the proposed greenhouse that had already been constructed and permanently enjoining them from constructing any other structures on their property which were not in compliance with the subdivision restrictions.

In this appeal, the Feuersteins assert that the trial court erred in finding that the existence of the greenhouse in the back corner of the property and other alleged non-conforming uses did not bar enforcement of the restrictive covenant as to the proposed greenhouse. The Feuersteins also contend that the trial court erred in finding that the doctrine of laches did not apply. Finally the Feuersteins maintain that the trial court erred in not finding that the proposed covered walkway made the greenhouse an addition to the residence, not subject to the restrictive covenant.

2

Our review of the trial court's order is ***de novo*** upon the record with a presumption of correctness of the findings of fact by the trial court. Tenn. R. App. P. 13(d). In addition, the Chancellor's determination on questions of laches and estoppel " 'will not be reversed on appeal unless . . . clearly shown to be wrong.' " ***Hannewald v. Fairfield Communities, Inc.***, 651 S.W.2d 222, 228 (Tenn. App. 1983) (quoting ***Freeman v. Martin Robowash, Inc.***, 61 Tenn. App. 677, 690-91, 457 S.W. 2d 606, 612 (1970)).

From our review of the record in this cause, the evidence preponderates in favor of the trial court's finding that the existence of the greenhouse in the back corner of the Feuersteins' property does not bar the plaintiff neighbors from enforcing the restrictive covenant. Further, the evidence preponderates in favor of the Chancellor's finding that the plaintiff neighbors acted in a timely manner to detect the construction of the greenhouse, object to it and file this lawsuit. Therefore, the doctrine of laches is inapplicable. Finally, the evidence preponderates in favor of the trial court's determination that the proposed greenhouse would violate the restrictive covenant, regardless of whether a covered walkway connects the greenhouse and the residence. Therefore, the trial court appropriately ordered removal of the partial construction of the greenhouse and an injunction against construction of any other structures in violation of the subdivision restriction.

The decision of the trial court is affirmed. Costs are taxed to the Appellant, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, J.

**CONCUR:**


_____
**ALAN E. HIGHERS, J.**



_____
**DAVID R. FARMER, J.**

3